Eric C. **MASSIMINO**, Plaintiff-Appellant,

v.

**FIDELITY WORKPLACE SERVICES, LLC**, Defendant-Appellee.

16-4122

United States Court of Appeals, Second Circuit.

September 18, 2017

FOR APPELLANT: Eric C. Massimino, pro se, Lancaster, NY.

FOR APPELLEE: Catherine Grantier Cooley, Hodgson Russ LLP, Buffalo, NY.

---

PRESENT: DENNIS JACOBS, JOSÉ A. CABRANES, RICHARD C. WESLEY, Circuit Judges.

## SUMMARY ORDER

Eric. C. Massimino, pro se, appeals from a final judgment in the United States District Court for the Western District of New York (Telesca, *J.*) granting Fidelity Workplace Services, LLC's motion to dismiss Massimino's claims brought pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq.*, for lack of statutory standing. Massimino argues that the law of the case barred the district court from reconsidering a prior order denying dismissal. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

The law-of-the-case doctrine did not bar the district court from reconsidering whether Massimino had statutory standing. The court initially denied Fidelity's motion to dismiss—without prejudice to renewal upon a proper showing—based only on Massimino's allegations. Fidelity then submitted beneficiary and plan documentation, which demonstrated that Massimino lacked standing. Because Massimino "had ample notice and an opportunity to attempt to persuade the court that it should not alter its prior ruling," the court was well within its "discretion to decline to deem itself bound by a ruling that it had come to view as wrong." *United States v. Uccio*, 940 F.2d 753, 758-59 (2d Cir. 1991).

Accordingly, we **AFFIRM** the judgment of the district court.